**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **CAPITAL FUNDING, LLC,** | ) | **Civil Action No. 1:18-CV-00215-CCB** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **AVI "ZISHA" LIPSCHUTZ, *et al.*,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Larry Lipschutz ("Mr. L. Lipschutz"), by his undersigned attorneys, submits this Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 34) against Mr. L. Lipschutz.

## I. INTRODUCTION

Plaintiff Capital Funding, LLC ("Capital") initiated this action on January 23, 2018 against Mr. L. Lipschutz and Defendant Avi "Zisha" Lipschutz ("Mr. Z. Lipschutz"). Capital's claim against Mr. L. Lipschutz is based entirely on a Guaranty of Payment and Performance (the "Guaranty") that Mr. L. Lipschutz purportedly signed guaranteeing a portion of a $36 million loan Capital made to several third-party entities. In moving for summary judgment, Capital ignores a very critical fact that is very much in dispute and precludes the entry of summary judgment at this juncture: Mr. L. Lipschutz was never shown, and never agreed to, the Guaranty or other loan documents Capital is seeking to enforce in this action.

As set forth below, Capital is attempting to enforce obligations against Mr. L. Lipschutz that were never disclosed to or agreed to by him. Accordingly, Capital is not entitled to summary judgment and the Motion for Summary Judgment should be denied.

## II. MATERIAL FACTS STILL IN DISPUTE: AFFIRMATION OF MR. L. LIPSCHUTZ

Capital glosses over and seeks to ignore the fact that Mr. L. Lipschutz never saw the Guaranty and never saw the related Second Forbearance Agreement ("Forbearance Agreement") referenced in paragraph 22 of (and attached to) the Complaint (ECF No. 1) until after the commencement of this case. *See* **Exhibit 1**, Affirmation of Larry Lipschutz in Opposition to Plaintiff's Motion for Summary Judgment, at ¶ 6. Mr. Lipschutz's assertion is supported not only by his statements made under the penalty of perjury, but the attorney who represented the third-party borrowers in the underlying loan transaction has confirmed that he does not have any evidence that Mr. L. Lipschutz was ever sent the Guaranty or the Forbearance Agreement. *Id.* at ¶ 8 and Ex. A. To the contrary, Mr. L. Lipschutz was only sent signature and notary pages, and never had the opportunity to review or negotiate either the Guaranty or the Forbearance Agreement. *Id.* at ¶¶ 7, 9–10.

Though Mr. L. Lipschutz executed signature pages and had them notarized, he never authorized anyone to attach them to the Guaranty or the Forbearance Agreement, as he had never seen either document and each contains provisions that were not discussed with, disclosed to, or acceptable to him. *Id.* at ¶ 11. Mr. L. Lipschutz understood that his signature pages were to be attached to documents securing repayment of the underlying loan with his investments in the various nursing homes that are involved in this litigation. *Id.* at ¶ 12. Those investments totaled over $10,000.000. *Id.*

## III. APPLICABLE LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate only when the movant "show[s] that there is no genuine dispute as to any material fact and [the movant] is entitled to judgment as a matter of law," in light of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A material fact is one that might affect the outcome of the suit, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248–49. A party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law, and all permissible inferences must be drawn in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

## III. ARGUMENT

### A. Capital Has Offered No Evidence that Mr. L. Lipschutz Saw[1] or Agreed to the Guaranty Before He Signed a Signature Page

To hold Mr. L. Lipschutz liable, Capital must first establish that there is a binding agreement between Mr. L. Lipschutz and Capital. Maryland Code, Courts and Judicial Proceedings § 5–901 provides that:

---

1 Mr. L. Lipschutz recognizes that under Maryland law, ordinarily, "one who signs a contract without first reading it to ascertain its contents cannot avoid the contract's effect by pleading ignorance." *Cornell v. Council of Unit Owners Hawaiian Vill. Condominiums, Inc.*, 983 F. Supp. 640, 646 (D. Md. 1997). As set forth in this Memorandum, however, Capital is seeking to hold Mr. L. Lipschutz liable under a Guaranty that, on its face, Mr. L. Lipschutz did not agree to or execute.

> Unless a contract or agreement upon which an action is brought, or some memorandum or note of that, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought:
>
> (1) To charge a defendant on any special promise to answer for the debt, default, or miscarriage of another person.

This provision requires a written agreement signed by Mr. L. Lipschutz. There is no such agreement. Indeed, the signature page Mr. L. Lipschutz executed, and which Capital included as part of the Guaranty attached as Exhibit C to the Motion for Summary Judgment, includes the following footer: "16820627v.2." (*See* ECF No. 34-7 at 19.) The body of the Guaranty, which Capital contends Mr. L. Lipschutz is bound by, however, contains the following footer: "16820627v.8." (*See* ECF No. 34-7 at 2–14.) Based on that, the Guaranty went through *at least six additional versions* between when Mr. L. Lipschutz signed the signature page of version two and when Capital unilaterally decided to attach the earlier signature page to version eight. There is simply no evidence that Mr. Lipschutz received, reviewed, agreed to, or executed the Guaranty that Capital is seeking to enforce against him (*i.e.*, v.8). Absent such evidence, Capital's claim fails as a matter of law. *See, e.g., The Economist's Advocate, LLC v. Cognitive Arts Corp.*, 2005 WL 728874 (S.D.N.Y. April 6, 2004) (fact that different parties to agreement executed different versions of agreement raises genuine disputes of material fact regarding whether there was agreement, and existence and scope of apparent authority, thus precluding entry of summary judgment).

Further, since both sides had a different interpretation of the security that Mr. L. Lipschutz was willing to provide Capital, there was a mutual mistake and no understanding or

meeting of the minds[2] between the parties on material terms of the "guaranty," resulting in no agreement or contract between the parties. *Compare* Exhibit 1 at ¶ 12, *with* Guaranty.

If Capital has proof that Mr. L. Lipschutz saw the Guaranty (any version, much less the eighth version that is purportedly the controlling one) or agreed to its terms before he signed the signature page that was subsequently attached to it, Capital had an opportunity to provide it since Capital was aware of this argument prior to the time Capital filed a Motion for Summary Judgment. *See* **Exhibit 2**, November 5, 2018 letter to Court from Alan J. Garfunkel, Esquire (ECF 33-1). Capital's failure to provide such proof when it knew of this argument and had an opportunity to refute it leads to but only one reasonable inference: Capital has no such proof; yet Capital is seeking to hold Mr. L. Lipschutz liable under the Guaranty.

Both defendants offered Capital additional time for discovery, which would have allowed Capital more time to investigate and disprove Mr. L. Lipschutz's allegation that he never saw the Guaranty before signing the signature page. Mr. L. Lipschutz has offered to be deposed by Capital. Instead of accepting the opportunity for further discovery, Capital prematurely moved for summary judgment while knowing that genuine issues of material fact still remain in dispute and whiling knowing that Capital, without authorization, had attached Mr. L. Lipschutz's "v.2" signature page to a later version of the Guaranty, "v.8."

### B. Capital's Reliance on the Answer Purportedly Filed on behalf of Mr. L. Lipschutz is Misplaced

The Guaranty itself, along with Mr. L. Lipschutz's Affirmation and the email from the firm that represented the borrowers in the loan transaction clearly establish that Mr. L. Lipschutz did not sign the Guaranty or Forbearance Agreement attached to the Complaint, as he did not see a copy of either document until after this action was commenced. Moreover, he never knew of

---

2 It is unclear from the Guaranty which version Capital executed, as its signature page does not contain a footer. (*See* ECF No. 34-7 at 22.)

obligations that Capital is now seeking to impose upon him under the Guaranty. Instead of refuting Mr. L. Lipschutz's assertion that he never received a copy of the Guaranty until the commencement of this case, Capital seeks to rely on the Answer that was purportedly filed on Mr. L. Lipschutz's behalf in this case. (ECF No. 6.) Though the Answer admits the allegation in the Complaint that, "[o]n or about March 4, 2014, the Defendants executed the Guaranty," it is not binding on Mr. L. Lipschutz, and Capital's reliance thereon is misplaced.

Simultaneously with filing this Memorandum, Mr. L. Lipschutz filed a Motion for Leave to File an Amended Answer, seeking the Court's permission to file an Amended Answer that would allow Mr. L. Lipschutz to amend the Answer and deny that he signed the Guaranty. As set forth in the Motion for Leave, Mr. Lipschutz did not see the Answer before it was filed and did not approve admitting the allegation that he executed the Guaranty.

Mr. L. Lipschutz's request to amend the Answer is consistent with, and contemplated by, the Answer itself. Indeed, the Answer provides in Paragraph 11 of the Affirmative Defenses:

> Defendants reserve the right to raise any defense available in law or fact. Defendants alleges that, after appropriate discovery, other affirmative defenses may be applicable. The extent to which plaintiff's claims may be barred by other affirmative defenses cannot be determined until defendants have had an opportunity to conduct discovery. *Defendants expressly reserve the right to amend this Answer and assert any additional defenses that may be revealed during the discovery process.*

(ECF No. 6 (emphasis added).)

### C. Because the Guaranty is Not a Binding Agreement, It Cannot Serve as the Basis for Holding Mr. Lipschutz Liable

The obvious effect of the Guaranty not being binding on Mr. L. Lipschutz is that Capital cannot enforce the Guaranty against him. Even if the Court finds that there was some binding obligation on Mr. L. Lipschutz such as the obligation to collateralize the debt with his investments and the other nursing homes, however, the Court should not enforce other provisions in the Guaranty that Mr. Lipschutz never knew of or agreed to. Those provisions include the agreement

to consent to personal jurisdiction over Mr. L. Lipschutz, the agreement that this Court is the proper venue for this case, and the provision that precludes Mr. L. Lipschutz from raising defenses to offset the enforceability of the Guaranty. Such defenses include Capital's decision to release one of the guarantors, Dov Newmark, without seeking or obtaining Mr. L. Lipschutz's consent, and selling the properties that secured the underlying loan without affording Mr. L. Lipschutz notice and opportunity to object. *See* **Exhibit 1** at ¶ 16. Instead, Capital argues that Mr. L. Lipschutz is precluded from questioning the sale because of *res judicata* even though Mr. L. Lipschutz was not a party to the transaction.

### D. Capital's Motion for Summary Judgment Also Fails for the Reasons Advanced by Defendant Avi "Zisha" Lipschutz

Pursuant to Fed. R. Civ. P. 7(b)(2) and 10(c), Mr. L. Lipschutz adopts and incorporates by reference the facts and arguments set forth in Defendant "Zisha" Lipschutz's Opposition to Plaintiff's Motion for Summary Judgment. (*See* ECF No. 42.)

## IV. CONCLUSION

For the foregoing reasons, genuine issues of material fact remain and summary judgment is, therefore, inappropriate. Defendant Larry Lipschutz requests that the Court deny Plaintiff's Motion for Summary Judgment and extend discovery for a sufficient time period to allow the parties to prove or disprove the material issues that remain in dispute.

Respectfully submitted,

Dated: December 3, 2018

*/s/ John A. Bourgeois*

John A. Bourgeois (Bar No.: 11834)
Ryan A. Mitchell (Bar No.: 29151)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030
(410) 539-1269 (fax)
jbourgeois@kg-law.com
rmitchell@kg-law.com

Alan J. Garfunkel*
Law Office of Alan J. Garfunkel LLC
63 Lincoln Road
Scarsdale, New York 10583
(212) 888-7300
(212) 888-7306 (fax)
agarfunkel@garfunkel.biz
*Admitted Pro Hac Vice

*Counsel for Defendant*
*Larry Lipschutz*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of December, 2018, a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Summary Judgment was filed electronically via CM/ECF, which effected service on counsel of record for all parties.

/s/ *John A. Bourgeois*
John A. Bourgeois (Bar No.: 11834)