IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| CAPITAL FUNDING, LLC, | ) |
| Plaintiff, | ) Civil Action No. 1:18-CV-00215-CCB |
| v. | ) |
| AVI "ZISHA" LIPSCHUTZ, *et al.*, | ) |
| Defendants. | ) |

**LARRY'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Larry Lipschutz ("Larry"), by his undersigned attorneys submits this Reply in support of his motion for leave to file an Amended Answer to Plaintiff Capital Funding, LLC's ("Plaintiff") Complaint, and in response to Plaintiff's Opposition to this Motion (ECF 47) (the "Opposition"), states as follows:

**Summary of Reply**

Plaintiff was aware that Larry denied he signed the "Guaranty" before Plaintiff filed its motion for summary judgment. Plaintiff failed to refute Larry's claim that he had no notice prior to the commencement of this action of the alleged terms of the Guaranty or any Forbearance Agreement. Plaintiff failed to explain the difference between Version 2 that was at the bottom of the page that Larry signed and Version 8 of the Guaranty that Plaintiff seeks to enforce. The Guaranty and Forbearance Agreements that Plaintiff seeks to enforce are not enforceable against Larry.

**Plaintiff Had Notice of Larry's Claim He Had Not Received a Copy of the Guaranty Prior To the Time Plaintiff Filed Its Motion For Summary Judgment**

1.  Plaintiff was aware that Larry denied that he had been shown a copy of the "Guaranty" before Plaintiff filed its motion for summary judgment. Plaintiff's counsel was emailed a copy of a letter dated November 5, 2018 that Larry's attorney submitted to this Court stating that Larry "was only sent copies of signature and notarial pages of documents and that it was his belief that he was only agreeing to secure the loan with his investments in the various homes" (ECF 33-1). Both defendants had requested that discovery remain open and the discovery deadlines be extended. Had Plaintiff agreed to this request, Plaintiff would have had additional time to depose Larry and allow Larry to produce the documents Plaintiff requested, both of which would verify Larry's claim. Instead, Plaintiff chose to move for summary judgment and not agree to extend discovery.

2.  Plaintiff sued Larry for breach of guaranty in an earlier action brought in 2016 before this Court (Case 1:16-cv-02485-ELH) (the "First Action"). In its complaint in that action, Plaintiff alleged:

> "15. On or about March 4, 2014, Defendants each executed the Guaranty, a copy of which is attached as Exhibit B."

In the answer filed in the First Action, the defendants denied knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in Paragraph 15. (See Exhibit A).[1]

---

[1] See Paragraph 6 below regarding Plaintiff's claim that since the Guaranty was attached to the complaint in the First Action, Larry had knowledge of the terms of the Guaranty.

## Larry Did Not Receive A Copy Of The Guaranty Prior To The Commencement Of This Action

3. Plaintiff next claims in Paragraph 7 of the Opposition, page 3 that Larry's arguments could not be believed because it would involve false affidavits and malpractice. However, Plaintiff ignores the fact that Larry's previous attorney confirmed that Larry only received signature and notary pages and not the entire Guaranty or Forbearance Agreement. (ECF 44-1) Plaintiff then asserts that Larry on three separate occasions reaffirmed the Guaranty. Assuming that Plaintiff is referring to the subsequent forbearance agreements, there was no reaffirmation since Larry was not given copies of these agreements when the alleged affirmations occurred (see Exhibit B, Paragraph 10). Plaintiff then, without substantiation, asserts that Larry was involved in extensive negotiations with Plaintiff regarding the terms of his Guaranty. Larry vigorously disputes the accuracy of this allegation. (see Exhibit B, Paragraph 11). Next, Plaintiff claims that Larry's compliance with certain terms of the reaffirmation of the Guaranty proves that he was familiar with the terms of the Guaranty. Presumably Plaintiff is referring to Larry providing financial statements to the Plaintiff. However, as set forth in Exhibit B, Paragraph 12, Larry provided his personal financial statements to show his ability to keep funding the nursing homes without creating any obligation on his part to fund them.

4. There is no internal conflict in Larry's arguments as Plaintiff claims in Paragraph 8 of the Opposition. Larry explained that he signed the signature page and had his signature notarized without being given a copy of the complete document. The page he signed had version 2 at the bottom of the page. The body of the Guaranty that Plaintiff seeks to enforce has version 8 at the bottom of the document. Larry was never given the body of the Guaranty, either as version 2 or as version 8. (see Exhibit B, Paragraph 10).

5. Next, Plaintiff alleges in the Opposition, Paragraph 10 that when Larry signed the First Forbearance Agreement he reaffirmed his obligations under the Guaranty and this negates any defenses related to his signing of the original Guaranty. This argument fails because the "Guaranty" that Larry thought he was giving was related to securing the loan with his investments in the other nursing homes, and he was never shown the body of the First Forbearance Agreement (see Exhibit B, Paragraph 10). Moreover, when the First Forbearance Agreement was allegedly signed, Larry still had not seen the Guaranty. Further, if you compare the signature on page 21 of the First Forbearance Agreement (ECF 46-2, page 21) with Larry's other signatures, including the ones that were notarized, it is evident that Larry did not sign on page 21 of the First Forbearance Agreement. (See also Exhibit B, Paragraph 13)

6. In Paragraph 11 of the Opposition, Plaintiff seeks to show that Larry was aware of the terms of the Guaranty because it was attached to the complaint in the first lawsuit against Larry to enforce the Guaranty, and as shown by the Certificate of Service, Larry was served with a copy of the complaint which included the Guaranty. Plaintiff produced a document showing that Larry was served on July 7, 2016, with the summons in the First Action (ECF 46-3). The proof of service that was filed with the Court in the First Action indicates that the summons was actually served on Leon Barson. Esq. by email relying on the representation that he was authorized to accept service on behalf of all of the defendants in the earlier action. (See Exhibit C).

7. In Paragraph 12 of the Opposition, Plaintiff tries to show that Larry participated in extensive negotiations with Plaintiff regarding the new forbearance agreement and his Guaranty. To show this, Plaintiff relies on an email in which Mr. Barson advised Plaintiff's attorney that Larry would provide personal financial statements. Larry's agreement to provide personal

financial statements is far from proof of his involvement in the negotiations. Moreover, Larry has explained that he agreed to provide personal financial statements solely to show his ability to fund the nursing homes without creating an obligation on his part to fund them (see Exhibit B, Paragraph 12). Further, Larry only signed the signature page to the Second Forbearance Agreement and was never given a copy of that agreement until the commencement of this case (Exhibit B, Paragraph 10).

**Plaintiff Failed to Explain Why Larry's Signature Page Was From Version 2 and the Body of the Guaranty Was From Version 8**

8.      In the Opposition, Plaintiff did not offer any explanation as to why Larry's signature page which came from version 2 was attached to version 8 of the Guaranty (ECF 1-5). Plaintiff did not produce any documents showing the difference between the various versions or that Larry was ever informed of any changes. This failure to explain why different versions were attached and what the differences between the versions were, alone without more, raises sufficient issues of relevant, material facts about the enforceability of Plaintiff's claim against Larry to deny Plaintiff's Motion for Summary Judgment. Therefore, Larry has shown "good cause" to allow for the filing of the amended answer.

## CONCLUSION

9.      No justifying reason exists to deny Larry's request for leave to amend his answer. The Court should grant leave to amend and permit Larry to file the proposed Amended Answer.

WHEREFORE, Larry requests that the Court grant him leave to file the Amended Answer.

                                                  Respectfully submitted,

Dated: January 2, 2019                      */s/ John A. Bourgeois*
                                                  John A. Bourgeois (Bar No.: 11834)
                                                  Ryan A. Mitchell (Bar No.: 29151)
                                                  KRAMON & GRAHAM, P.A.
                                                  One South Street, Suite 2600
                                                  Baltimore, Maryland 21202
                                                  (410) 752-6030
                                                  (410) 539-1269 (fax)
                                                  jbourgeois@kg-law.com
                                                  rmitchell@kg-law.com

                                                  Alan J. Garfunkel*
                                                  Law Office of Alan J. Garfunkel LLC
                                                  63 Lincoln Road
                                                  Scarsdale, New York 10583
                                                  (212) 888-7300
                                                  (212) 888-7306 (fax)
                                                  agarfunkel@garfunkel.biz
                                                  *Admitted Pro Hac Vice

                                                  *Counsel for Defendant*
                                                  *Larry Lipschutz*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January, 2019, a copy of the foregoing Motion for Leave to File Amended Answer was filed electronically via CM/ECF, which effected service on counsel of record for all parties.

/s/ *John A. Bourgeois*
John A. Bourgeois (Bar No.: 11834)