# Exhibit A

**To Capital Funding, LLC's Omnibus
Supplemental Brief Regarding
Dismissal of Zisha Lipschutz
Filed October 31, 2019**

1  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF NEW YORK - CIVIL TERM - PART 61
2  ----------------------------------------------X

3  AP MA FUNDING, LLC,

4                          Plaintiff,

5                  -against-

6  AVI "ZISHA" LIPSCHUTZ and LARRY LIPSCHUTZ,

7

                          Defendants.
8  ----------------------------------------------X
   Index # 651570/2018                    Proceedings
9
                          60 Centre Street
10                        New York, New York
                          September 26, 2019
11

12 B E F O R E:

13               HONORABLE BARRY R. OSTRAGER,
                           Justice.
14

15

   A P P E A R A N C E S:
16
       BLANK & ROME, LLP
17     405 Lexington Avenue
       New York, New York  10174-0208
18          BY:  PAIGE BARR TINKHAM, ESQ.
                 WILLIAM DORSEY, ESQ.
19               Attorneys for Plaintiff

20     LAW OFFICE OF ALAN J. GARFUNKEL, LLC
       444 Madison Avenue
21     New York, New York 10022
            BY:  ALAN J. GARFUNKEL, ESQ.
22               DENA INGERMAN, ESQ.
                 Attorney for Defendant - Larry Lipschutz
23

24                    DEBORAH A. ROTHROCK, RPR
                      Official Court Reporter
25

            DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

-Redirect/Mr Moore/by Ms. Tinkham-

1    THE COURT:  It is not in evidence.  It is not in

2    evidence.

3    MS. TINKHAM:  Your Honor, at least the signature

4    page is admitted into evidence?  Larry admitted signing,

5    your Honor--

6    THE COURT:  Look, it is undisputed that Mr.

7    Lipschutz signed the signatures pages that are attached to

8    the Guaranty and he claims that that is the only thing he

9    saw.  And as you observed in your opening, it's not relevant

10   because Mr. Lipschutz reaffirmed his Guaranty in the one and

11   only subsequent agreement between the parties.

12   MS. TINKHAM:  Understood.  We just want the

13   signatures page admitted into evidence, we just want to

14   clarify.

15   THE COURT:  Exhibit 2 is not received in evidence

16   for the fourth time.

17   MS. TINKHAM:  Thank you, your Honor.

18   THE COURT:  All right.  I'm ready to rule.

19   The Plaintiffs have established that Mr. Lipschutz

20   loaned $6 million to a holding company which owned Braemoor

21   Health Center.

22   The evidence established that the loan was

23   refinanced by the Plaintiff AP MA Funding and Mr. Lipschutz

24   received back the $6 million that he had invested in the 34

25   North Pearl Street.  In connection with that transaction Mr.

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

-Redirect/Mr Moore/by Ms. Tinkham-

1   Lipschutz was intending to Guaranty $2 million towards the

2   repayment of the money that was refinanced and subsequently

3   there was a modification agreement which its undisputed Mr.

4   Lipschutz signed, and presumably understood, and it was

5   co-signed by AP MA and other parties and that modification

6   agreement which is in evidence, we have, reaffirmed Mr.

7   Lipschutz's obligation under the Guaranty. And the

8   modification agreement reduced Mr. Lipschutz's Guaranty from

9   $2 million to $750,000.

10          If Mr. Lipschutz didn't understand that the

11  Guaranty $2 million when he signed the modification

12  agreement, he understood that he was reaffirming whatever

13  Guaranty he had executed the signature page to.

14          So Mr. Lipschutz had a $750,000 Guaranty. There

15  was subsequent negotiations to modify that Guaranty and by

16  the payment of $600,000 to 34 North Pearl Street, of which

17  $320,000 was to be paid to AP MA. It is undisputed that the

18  $320,000 was never paid to AP MA. It is undisputed that the

19  only modification agreement that was inexistence was never

20  amended by a written agreement. It is undisputed that and

21  stipulated that Mr. Lipschutz did wire $600,000 to Braemoor

22  Health Center, which was, in essence, wiring money to

23  himself because it didn't go to 34 North Pearl and no

24  portion went to AP MA, which was what was discussed in

25  connection with the second modification agreement.

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

-Redirect/Mr Moore/by Ms. Tinkham-

1    So Mr. Lipschutz is liable on his Guaranty for

2    $750,000.  The Guaranty was reaffirmed by the modification

3    agreement.  So AP MA is entitled to recover its reasonable

4    attorney's fees in connection with the prosecution of this

5    action and the reasonable attorney's fees are a simple

6    complaint on the Guaranty; is some number significantly

7    below $100,000.  But we've had a trial here, so I'm going to

8    award AP MA Funding $75,000 in attorney's fees.  And that is

9    the disposition of the case.

10    You'll order a copy of the transcript.  You'll file

11    all your exhibits under the E-filing System.

12    And I've awarded judgment in favor of the Plaintiff

13    in the sum of $825,000 against Larry Lipschutz.

14    The Plaintiff is entitled to statutory prejudgment

15    interest as of the date of the breach.  There's no evidence

16    of when demand was made for payment under the Guaranty,

17    other than the complaint in this action, so the prejudgment

18    interest would run from the date of the filing of the

19    complaint in this action.

20    Counsel will order the transcript, bring it to the

21    part to be so ordered and prepare a judgment consistent with

22    the decision and submit everything to the judgment Clerk in

23    the County Clerk's Office, which is Room 141B with proof of

24    service on opposing counsel.  The Judgment Clerk there will

25    assist counsel in complete the process for the entry of

DEBORAH A. ROTHROCK - OFFICIAL COURT REPORTER

-Redirect/Mr Moore/by Ms. Tinkham-

1   judgment.

2            Have a nice day.

3            MR. DORSEY:  Thank you.

4            MR. GARFUNKEL:  Thank you.

5            (Whereupon, the proceedings concluded.)

6                    *          *          *

7

8        It is hereby certified that the foregoing is a true
    and accurate transcript of the proceedings.

9

10   _____

11   DEBORAH A. ROTHROCK, RPR
     Official Court Reporter

12

13   SO ORDERED

14

15   BARRY R. OSTRAGER, J.S.C.

16

17

18

19

20

21

22

23

24

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2019, a true and correct copy of Exhibit A to Capital

Funding's Omnibus Supplemental Brief Regarding Dismissal of Zisha Lipschutz Filed October

31, 2019 was served by electronic filing on all counsel of record.


*/s/  Paige B. Tinkham*